UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MELTZER, LIPPE, GOLDSTEIN &
BREITSTONE, LLP,

                                Plaintiff,                **ORDER**
                                                                      16-cv-1637 (DRH)(ARL)
    -against-

JAMES MALFETTI doing business as
MANAGEMENT RECRUITERS OF
UNION COUNTY, NJ,

                                Defendant.
----------------------------------------------------------x

**HURLEY, Senior District Judge:**

## INTRODUCTION

       Presently before the Court is Defendant Management Recruiters' ("Defendant's'") letter requesting that this Court direct Plaintiff Meltzer, Lippe, Goldstein & Breitstone, LLP ("Plaintiff") to: (1) increase the amount of the supersedeas bond, filed on October 9, 2018 at ECF No. 59 in the sum of $509,214.91 ("the Bond"); and (2) amend the bond to contain language that explicitly states that the bonding company unconditionally agrees to satisfy the full amount of the judgment. (*See* Letter from Counsel for Defendants [ECF No. 60] at 1–2 (hereinafter "the Letter".)

## BACKGROUND

       On September 27, 2018, this Court entered its Findings of Fact and Conclusions of Law, granting Defendant judgment in the amount of $413,820.00, plus pre-judgment interest at the rate of 9% computed from March 11, 2016 to the date judgment was entered, plus post-judgment interest at the rate set forth in 28 U.S.C. § 1961. (Findings of Fact [ECF No. 56] at 30.) On September 28, 2018, the Clerk of Court entered Judgment, stating the same. (Clerk's Judgment

[ECF No. 57] at 1.)  On October 9, 2018, Plaintiff filed a Notice of Appeal [ECF No. 58], and the Bond.  On October 10, 2018, this Court filed an order approving the Bond pursuant to Fed. R. Civ. P. 62(d).  Thereby, the stay with bond on appeal went into effect.  That same day, Defendant filed the Letter requesting that the Court direct Plaintiff to amend the amount and the language of the Bond.  On October 11, 2018, Plaintiff filed a letter response in opposition, stating that the Bond "posted in this matter expressly covers 'such costs, interest, and damages as the Appellate Court may adjudge and award.'"  (Letter from Defendant [ECF No. 61] at 1.)  Also on October 11, 2018, the Clerk of Court entered a Corrected Judgment reflecting the total award of $508,817.64, inclusive of both the judgment and the pre-judgment interest.  (Corrected Clerk's Judgment [ECF No. 57] at 1.)

## DISCUSSION

I. *Amount of Supersedeas Bond*

Fed. R. Civ. P. 62(d) provides

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

"[A] party [properly] taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)." *Am. Manufs. Mutual Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966).

Courts in this Circuit have held that an appropriate amount for a supersedeas bond is the full amount of the judgment plus a reasonable reserve to cover interest. *Nippon Emo-Trans Co. Ltd. v. Emo-Trans, Inc.*, 744 F. Supp. 1215, 1237 (E.D.N.Y. 1990) (holding that "the stay shall take effect only upon [Defendant's] posting a bond for the full amount of the Japanese Judgment, plus a reasonable reserve to cover interest for an eighteen-month period"); *see also Jimico*

*Enterprises, Inc. v. Lehigh Gas Corp.*, 2011 WL 4594141, at * 6 (N.D.N.Y. Sept. 30, 2011) ("The supersedeas bond filed in connection with [a] stay pending appeal is usually for the full amount of the judgment, though the district court has discretion in setting the amount"). Courts have set the reserve anywhere from 10% of the judgment, to as much as 25%. *Compare Frankel v. ICD Holdings S.A.*, 168 F.R.D. 19, 22 (S.D.N.Y. 1996) (requiring the defendant to "post a bond with sufficient surety for 110 percent of the principal amount of the judgment"); and *Southeast Booksellers Ass'n v. McMaster*, 233 F.R.D. 456, 460 (D.S.C. 2006) (requiring Defendants to execute a bond in the amount of 125% of the judgment pursuant to a local rule).

Here, Defendant argues that an appropriate amount for the bond is 110 percent of both the judgment *plus* pre-judgment interest. Defendant does not cite any authority for this proposition. Accordingly, the Court declines to do so. The Bond is already equal to 123% of the judgment, which is at the higher end of the reserves that federal courts have required. Moreover, the Bond amount is more than the sum of the judgment plus pre-judgment interest. Thus, even if the "judgment" is considered the judgment and the pre-judgment interest together, the Bond still covers over 100% of that amount.

## II. Binding Language in the Supersedeas Bond

Defendant also asks the Court to direct Plaintiff to amend the language of the Bond to explicitly state that the bonding company unconditionally agrees to satisfy promptly upon demand by Defendant the full amount of the judgment. As support, Defendant cites to *Phansalka v. Anderson Weinroth & Co., L.P.*, 211 F.R.D. 197, 200 (S.D.N.Y. 2002). In *Phansalka*, the Court never considered whether this type of language is required. *See id.* Rather, the Court was asked to mandate similar language and the Court found the bond already had a specific directive. *Id.* Nevertheless, this Court agrees that specificity is beneficial. Therefore,

Plaintiff is directed to file an amended supersedeas bond on or before October 26, 2018, that explicitly provides that U.S. Specialty Insurance Company unconditionally agrees to satisfy promptly upon demand by Defendant the full amount of the judgment, as affirmed or modified by the final, nonappealable judgment of a federal court.

**SO ORDERED.**

Dated: Central Islip, New York
October 16, 2018

/s/
Denis R. Hurley
United States District Judge